The act of 1798, New Rev., ch. 509, prescribed it as a duty of sheriffs to enter into bonds with security for the due collection of the county and poor tax. The act of 1808, New Rev. ch. 755, authorizes and directs the sheriffs to collect the taxes for defraying the expense of the public buildings, and to account with the treasurer of public buildings for the same, and that they shall be entitled to the same commissions, and subject to the same rules, regulations, and restrictions in their settlement with the treasurer of public buildings as they are in their settlements with the county trustee.
Taxes for public buildings are as much county taxes as any others that are laid in the county for collection. And I think the Legislature intended that the bonds given by the act of 1798 should be a security, not only for county taxes which were then usually laid and collected and paid to the county trustee, but for any other county taxes which might afterwards be imposed, payable to the treasurer of public buildings. The condition of the bond is broad enough, I think, to cover the taxes now in question. It is that the sheriff shall "in all things comply with the acts of General Assembly in such case made and provided"; and the act expressly directed the money in question to be paid to the treasurer of public buildings. I cannot but think that the bond covers the delinquency complained of. There was not more difficulty in paying *Page 157 
the taxes to the county treasurer of public buildings than there (291) was in paying them to the county trustee. I think the judgment of the Superior Court should be affirmed.